## BAILIE & BROTHER *vs.* MOSHER *et al.*

'The salary of an officer of a railroad company which exceeds five hundred dollars per annum is subject to garnishment. The act of 1850, which declares the salaries of all officers of all corporations, except municipal corporations, where the salary exceeds five hundred dollars, to be subject to garnishment (Cobb's Dig., 88), has not been repealed by any subsequent act.

April 8, 1884.

Railroads. Master and Servant. Garnishment. Before Judge EVE. City Court of Richmond County. November Term, 1883.

Bailie & Brother sued out a garnishment, based on a judgment in their favor, against E. G. Mosher and F. G. Mosher, and summons of garnishment was served on the Augusta and Summerville Railroad Company. The garnishee answered that it owed F. G. Mosher nothing. As to E. G. Mosher, it filed an amended answer, in which it alleged as follows :

"That said respondents are indebted to said Edward G. Mosher in the sum of three hundred and seventy-five dollars, on account of salary as superintendent of said corporation, the Augusta and Summerville Railroad Company, the said Edward G. Mosher being elected

such superintendent by the board of directors of said corporation at their annual meetings, at and for a salary of fifteen hundred dollars per annum, payable monthly, and liable to be discharged by said board at any time, in which event the company would be liable only up to time of discharge"

Plaintiffs moved to enter judgment against the garnishee on this answer, but the motion was overruled, and the garnishment was dismissed. Plaintiffs moved for a new trial, which was refused, and they excepted.

HARPER & BROTHER, for plaintiffs in error.

ADOLPH BRANDT FRANK H. MILLER, for defendants.

BLANDFORD, Justice.

The question presented by the record is, whether the salary of an officer of a railroad corporation which exceeds five hundred dollars is subject to garnishment.

The act of 1850 declares that the officers of all corporations, except municipal corporations, where the salaries exceed five hundred dollars, are subject to garnishment. Cobb's New Digest, p. 88.

Thus the law is written. If this act of 1850 has been repealed, we have been unable to find the repealing act, and the astute counsel who argued the case for defendants in error have been unable to call our attention to any such act. The act of 1855–6, upon the subject of attachment and garnishment, has been suggested as showing a repeal of the act of 1850, but wherein the learned counsel saith not. The act of 1855–6 only regulates the process of attachment and garnishment, but does not interfere with the subject of garnishment, which was left as it stood before the passage of the act.

The act of 1845, Cobb's Digest, 88, exempts the wages of journeyman mechanics and day laborers, as to their daily, weekly or monthly wages in the hands of their employers.

The act of 1872, pamphlet, page 43, so far modified and

changed the act of 1845, as to make the wages of a person in the employment of another subject to garnishment, where the consideration of the debt was for provisions for the use of the employé and his family. The act of 1875 further amended the act of 1845 and the act of 1872, so as to make wages subject to garnishment, where the consideration of the debt was for services rendered by a physician or surgeon. Pamphlet, page 21.

The act of 1875, pamphlet, page 17 (Code, §3554), in effect, repeals the acts of 1872 and 1875, and restores in full force and vigor the act of 1845. It will be seen that none of these acts operate upon the act of 1850, and they leave it in full force.

The court erred in discharging the garnishee and refusing the new trial.

Judgment reversed.